UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAREN N. MILLER, *et al*. | : | Case No. C-1-00-403 |
| Plaintiffs, | : | (Judge Dlott) |
| v. | : | |
| CREDIT COUNSELORS OF CINCINNATI | : | |
| | : | |
| Defendant. | | |

**MOTION FOR ORDER FINALLY APPROVING SETTLEMENT, FEES, COSTS, AND PAYMENT TO CLASS REPRESENTATIVES**
**(Affidavits of Stephen R. Felson and Virginia Conlan Whitman Attached)**

Now come Plaintiffs and the Settlement Class, through Class Counsel, and petition this Court for an order giving final approval to the Settlement Agreement; awarding fees and costs; and approving an incentive award to the Class Representatives. The reasons why this Motion should be granted are set forth in the accompanying Memorandum. A proposed Order has been emailed to the Judge's chambers.

Respectfully submitted,

/s/ *Stephen R. Felson*
Robert B. Newman (0023484)
Lisa T. Meeks (0062074)
NEWMAN & MEEKS CO., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 639-7000

Stephen R. Felson  (0038432)
617 Vine Street, Suite 1401
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011
Email:  stevef8953@aol.com

**MEMORANDUM IN SUPPORT**

A.  <u>Final Approval</u>

Attachment 1 hereto is the Affidavit of Virginia Conlan Whitman [the Special Master] verifying Compliance With Notification of Settlement.  The Special Master was charged with carrying out the notification of Class Members pursuant to the Order of this Court (doc. 61).  She asserts in her Affidavit that she has carried out this task and that she also placed a newspaper advertisement in the *Cincinnati Enquirer* as required by the same Order.  Exhibit A to Ms. Whitman's Affidavit sets forth the total count of the initial mailing 6,908.  Exhibit B, mailed on August 18, 2003, and an additional mailing of 3,669, on October 20, 2003, caused by certain difficulties in the electronic transmission of the names of Class Members, of which this Court has previously been made aware.  (See doc. 74, Motion to Vacate Schedule)  Exhibit C to her Affidavit contains an affidavit of publication from the *Cincinnati Enquirer*.

The Special Master worked closely with counsel for both sides during the entire notification process to solve the minor problems which arose, and Class Counsel believe that process was carried out fairly in all respects.  Evidence of

Miller v. CCC
Mot for Final Approval
11/26/03, Page 3

this belief may be seen in the fact that 1761 responses were received, a high percentage in the opinion of Class Counsel. See Budget Application, p. 2, fn. 1. The Court will also note that as of the writing of this Motion, over three months after the earlier class notifications, not a single objection has been filed.

The Special Master estimates that each Qualified Settlement Class Member, *i.e.*, each Class Member who filed a proof of claim within the period required by the Order, will received between nine and ten per cent of the total amount he or she paid to Defendant during the relevant time period. It should be noted that there was never any claim by Plaintiffs that Defendant caused actual damages to any class member aside from the Class Representatives.[1] In other words, the damages Defendant is paying to the Qualified Settlement Class Members are strictly statutory (not based on actual harm) and are also in the nature of rescission (return of all funds paid in for Defendant's benefit) *without the recipients having to return the benefits.* Put another way, a Qualified Settlement Class Member who was perfectly satisfied with the services provided by Defendant will still get nine to ten per cent of his or her payments back – payments to Defendant, not to creditors – and can "keep" Defendant's contribution to his or her economic well being. Therefore, the return of over $165,000 to the Class should be considered an excellent result, especially in light

---

[1] Plaintiffs never attempted to assert a class action with respect to actual individual damage issues, and Class Counsel do not believe such a class would have been certified by the Court, since individual issues such as late fees, would have overwhelmed the common issues.

Miller v. CCC
Mot for Final Approval
11/26/03, Page 4

of the solvency issues explored fully by the parties in the motion for preliminary approval (doc. 59) and the attachments thereto.

In light of the above, Class Counsel urged this Court to grant its final approval of the settlement, as expressed in the order attached hereto.

B. COSTS OF CLASS ADMINISTRATION

The Special Master has filed separately a request for approval of her budget and expenses. Class Counsel was asked to, and did, review these figures before they were finalized and hereby asserts that they seem fair and reasonable. Counsel for Defendant also reviewed them and expressed the same opinion.

C. COSTS OF LITIGATION

Plaintiffs have supplied the Special Master with their costs of this litigation, $983.07. The Affidavit of Stephen R. Felson, attached hereto, contains as its Exhibit A documentation for these expenses. At less than $1,000 they cannot be considered unreasonable.

D. ATTORNEY FEES

On July 8, 2003, this Court preliminarily approved the Settlement Agreement and incorporated it into its order (doc. 61, Order; doc. 59, Motion and Agreement). That Agreement proposed an attorney fee of twenty-five per cent of the fund created through the efforts of Class Counsel, or $66, 250. As the Court can see from the time sheets attached to the Felson Affidavit, the total number of attorney hours which will be expended by the end of this matter is approximately

4

215, with the bulk of the hours incurred by Mr. Felson.  In *Lynch v. Leis*, S.D. Ohio No. C-1-00-274, this Court approved a rate of $300 for attorney Robert B. Newman, and a rate of $175 for attorney Stephen R. Felson.  In *Sutherlin v. Allen*, S.D. Ohio No. C-1-9-212, this Court approved a rate of $300 for Robert B. Newman and $200 for Stephen R. Felson.  Dividing the requested fee by the total number of attorney hours expended produces an hourly rate of $303.49.  In light of the favorable result concerning the federal statute, which has only been litigated once in the past; the favorable result with regard to the state statute, which has never been litigated in this context; and the fact that the Qualified Settlement Class Members each appear to have obtained a recovery greater than any aggregate actual damages they could have incurred, the attorney fee requested by Class Counsel is reasonable.  *See Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513 (6th Cir. 1993) (district court had discretion to choose either lodestar with multiplier of 2.0 or 25% of fund).

E. PAYMENT TO CLASS REPRESENTATIVES

An award to the class representative in a successful class case is standard practice.  *Thornton v. East Texas Motor Freight*, 497 F.2d 416, 420 (6th Cir. 1974).  In this case the class representatives came forward and expressed an admirable desire to help all class members obtain the return of their payments.  Class Counsel are of the firm belief that an award to Karen Miller and Arthur Kroener of $3,750 each, as set forth in Paragraph 19 of the Settlement Agreement, is fair and equitable and should be approved.

## CONCLUSION

For the foregoing reasons the Court should issue its final approval of the Settlement Agreement as set forth in the Order supplied to the Court.

Respectfully submitted,

/s/ *Stephen R. Felson*
Robert B. Newman (0023484)
Lisa T. Meeks (0062074)
NEWMAN & MEEKS CO., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 639-7000

Stephen R. Felson  (0038432)
617 Vine St., Suite 1401
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011 (fax)
email:  stevef8953@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  James M. Moore, 312 Walnut Street, Suite 2300, Cincinnati, OH  45202.

/s/ Stephen R. Felson